**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**DUSTIN LEGLER,**

            **Plaintiff,**

     **v.**                    **CASE NO. 06-3311-SAC**

**LOUIS E. BRUCE, et al.,**

            **Defendants.**

**MEMORANDUM AND ORDER**

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Named as defendants are Warden Bruce, Aramark manager J. Olson, and health care administrator Janet Meyers, all at HCF, and William Cummings employed at Kansas Department of Corrections (KDOC) in Topeka. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), and a Motion for Service of Process of Complaint (Doc. 3).

Mr. Legler complains he is not being provided the proper medication. In support he alleges he needs "statra (sic)[1]" for Attention Deficit Disorder (ADD) "prescribed on the streets," but to cut costs the prison staff replaced it with a generic, which is ineffective and has "bad side effects." He asserts this amounts to deliberate indifference to his serious medical needs in violation of the 8th and 14th Amendments barring cruel and unusual punishment.

Plaintiff also complains of conditions of confinement at the HCF including smelly, moldy, stained bedding; dirty serving trays and cups; and being served spoiled foods and provided an inadequate

---

[1] The correct spelling of this medication is Strattera.

diet with insufficient amounts of fresh fruits and vegetables. He seeks money damages for the alleged constitutional violations, as well as declaratory and injunctive relief requiring defendants to provide him Strattera.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff alleges he has sought relief by submitting administrative grievances on his claims to no avail. In support of this statement, he exhibits the grievances filed by him. In his first, dated July 27, 2006, Mr. Legler raised his complaint regarding denial of Strattera. Defendant Janet Myers, Health Services Administrator at HCF, responded:

> Review of your medical record indicates you have been prescribed Prozac and are receiving it. In addition, you were prescribed Wellbutrin but refused that medication after taking it for awhile. Determining which medication is appropriate for you is the responsibility of the psychiatrist. Based on the psychiatric assessment of your needs, Stratera (sic) was not determined to be necessary. Medications that are deemed necessary are provided regardless of cost.

Complaint (Doc. 1), Exh. 2. Mr. Legler appealed this decision to Warden Bruce, who found the psychiatrist had evaluated plaintiff and determined he did not need Strattera, and stated "You will not receive Statera (sic) until it is deemed necessary through a professional diagnosis." Id. Exh. 3. Mr. Legler appealed to the Secretary of Corrections claiming he was not seen by a psychiatrist, and the replacement medication wasn't working and made him "groggy and tired." Defendant Cummings responded that Legler was under the care of a psychiatrist for medication management, and did not provide evidence he had been denied access to care recommended by

2

qualified mental health staff. Plaintiff thereafter filed a second grievance threatening a federal lawsuit and claiming his prior grievance regarding denial of strattera was not properly decided. Helen Hanson, Mental Health Professional at HCF, responded that Mr. Legler has been in treatment since his admission, was seen by a psychiatrist at each site, has had a few medication changes but generally has not indicated any adverse side effects from his current medication, has participated "fully in his treatment modalities," is generally doing well, and has not displayed the symptoms for diagnosis and treatment of ADD. Id., Exhs. 8-9. The Warden affirmed this decision, and plaintiff appealed to the Secretary of Corrections, who recalled the finding in Legler's first grievance "by the independent contract consultant" that Legler was receiving appropriate health care. The SOC incorporated all prior responses to both grievances and denied relief. Thus, plaintiff has adequately pleaded exhaustion of administrative remedies on his claim of denial of Strattera.

Plaintiff exhibits a third grievance he filed complaining of filthy sheets. Id., Exh. 11. Prison staff responded that the sheets passed out have all been washed and "are in fact clean," and "are washed in such a way as to minimize any health risks." Id., Exh. 12. Legler appealed to the Warden, who stated "I have investigated your claims and find all linen exchanged weekly" has been appropriately cleaned, no health or sanitation policies are being violated, and the "Laundry Manager replaces substandard and worn linen as needed." Id., Exh. 13. Plaintiff appealed to the Secretary of Corrections, who incorporated and affirmed the staff response.

Mr. Legler exhibits his fourth and fifth grievances in which he complained that the Aramark manager and Warden Bruce were serving spoiled foods, ran out of food one day, were not providing enough fruits and vegetables; and deprived inmates of a proper diet. Id., Exhs. 16,17. J. Olson, Assistant Food Service Director at HCF, responded to both grievances that the menu provided is approved by State dieticians and contains fruits and vegetables, inmates who complain about unsatisfactory lettuce or meat on a certain day will receive a new tray and a report is sent to Aramark, but plaintiff had not complained to food service staff about wilted lettuce or bad meat. Olson acknowledged they ran out of food, there was a thirty-minute delay while they cooked more, inmates then complained the meat was not seasoned, so the meat was properly seasoned and served. Id., Exhs. 18, 19. Legler appealed adding his complaint of the use of "nasty trays and dirty cups." The Warden responded he had investigated and concurred with Olson's responses. The SOC incorporated the staff's response and found Legler offered no evidence to suggest their response was wrong. The court makes a tentative finding that plaintiff has adequately pleaded exhaustion of administrative remedies on his claims regarding these conditions at HCF.

**LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits or

average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $78.50 and the average monthly balance is $143.71. The court therefore assesses an initial partial filing fee of $28.50, twenty percent of the average monthly balance, rounded to the lower half dollar[2]. Plaintiff will be given twenty (20) days in which to submit the partial filing fee as ordered. Any objection to this Order must be filed prior to the time provided for submission of the partial fee. If plaintiff fails to submit the partial fee within the allotted time, this action may be dismissed without further notice.

Plaintiff's Motion for Service of Process by the U.S. Marshal (Doc. 3) is denied at this juncture, for the reasons that the partial fee has not been paid and the complaint has not been screened under 28 U.S.C. 1915A(a) and (b). Because Mr. Legler is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. Id. Screening will be done after the partial fee is paid. If the action survives screening, service of process is ordered by the court as a matter of course.

**IT IS THEREFORE ORDERED** that plaintiff is given twenty (20)

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

days to submit a partial filing fee of $28.50.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service of Process (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2006, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge