IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTIN LEGLER,

                    Plaintiff,

          v.                          CASE NO. 06-3311-SAC

LOUIS E. BRUCE, et al.,

                    Defendants.

MEMORANDUM AND ORDER

          This civil rights complaint, 42 U.S.C. 1983, was filed by
an inmate of the Hutchinson Correctional Facility, Hutchinson,
Kansas (HCF).  Named as defendants are Warden L. Bruce, Aramark
manager J. Olson, and health care administrator J. Meyers, all at
HCF, and W. Cummings employed at the Kansas Department of
Corrections (KDOC) in Topeka.  Plaintiff has also filed a Motion
for Preliminary Injunction (Doc. 8), and Motion for Issuance of
Summons (Doc. 9).


CLAIMS

          As noted in a prior order, Mr. Legler complains he is not
being provided the proper medication.  As factual support, he
alleges he needs Strattera for Attention Deficit Disorder (ADD),
which was previously "prescribed on the streets."  He complains
that to cut costs the prison staff replaced Strattera with a
generic, which is ineffective and has "bad side effects."  He

asserts this amounts to deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments.

Plaintiff also complains of conditions of confinement at the HCF including smelly, moldy, stained bedding; dirty serving trays and cups; as well as being served spoiled foods and provided an inadequate diet with insufficient amounts of fresh fruits and vegetables.

He seeks money damages for the alleged constitutional violations, plus declaratory and injunctive relief requiring defendants to provide him Strattera.

**SCREENING**

Because Mr. Legler is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**DENIAL OF PRESCRIBED MEDICATION**

**Legal Standards**

The United States Supreme Court has held that an inmate's claim of cruel and unusual punishment based on inadequate provision of medical care amounts to an Eighth Amendment violation only if

the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir. 1996).

With regard to the subjective component, a prison official does not act in a deliberately indifferent manner unless he or she

> knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 834 (1994). It follows that an inadvertent failure to provide adequate medical treatment "fail[s] to establish the requisite culpable state of mind." Id., quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991). Consequently, "a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim . . . under the Eighth Amendment." Estelle, 429 U.S. at 106. Furthermore, a mere difference of opinion between an inmate and prison medical staff regarding treatment does not itself evince cruel and unusual punishment, but, at most, supports a claim of malpractice. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992)(inmate's belief that he needed additional

medication than that prescribed failed to state constitutional violation); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not state an Eighth Amendment claim); El'Amin v. Pearce, 750 F.2d 829, 832-33 (10th Cir. 1984)(a mere difference of opinion over the adequacy of medical treatment provided not the basis for an Eighth Amendment claim); McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977)(a difference of opinion as to diagnosis and treatment between the prisoner and the medical report the warden received cannot serve as a basis for a cause of action), cert. denied, 435 U.S. 917 (1978); Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976)(same); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968)(same). The Supreme Court in Estelle explained:

> Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted).

**Discussion**

The allegations of the instant complaint together with the exhibits submitted by plaintiff demonstrate that medical care and prescribed medication have been furnished to plaintiff rather than

denied[1].  The allegations that medication Mr. Legler had previously
received was replaced with a "generic" to cut costs, even taken as
true, do not state a claim of such serious deprivation as to
constitute cruel and unusual punishment.  Plaintiff's allegations
and exhibits, at most, reflect a difference of opinion between the
lay wishes of Mr. Legler and the professional judgment of the
prison medical staff that the generic medication is proper
treatment.  The prisoner's right is to medical care--not to the
type or scope of medical care he personally desires or demands.

Plaintiff will be given time to show cause why his claim of
denial of Strattera should not be dismissed for failure to state a
claim of constitutional magnitude.

---

[1]

Mr. Legler exhibits grievances filed by him as support for his
claims, which were described in the court's prior order.  In his
grievance dated July 27, 2006, Mr. Legler raised his complaint
regarding denial of Strattera.  Defendant Janet Myers, Health
Services Administrator at HCF, responded:

> Review of your medical record indicates you have been
> prescribed Prozac and are receiving it.  In addition, you
> were prescribed Wellbutrin but refused that medication
> after taking it for awhile.  Determining which medication
> is appropriate for you is the responsibility of the
> psychiatrist.  Based on the psychiatric assessment of
> your needs, Stratera (sic) was not determined to be
> necessary.  Medications that are deemed necessary are
> provided regardless of cost.

Complaint (Doc. 1), Exh. 2.  Helen Hanson, Mental Health
Professional at HCF, responded to another grievance filed by
plaintiff that Mr. Legler has been in treatment since his
admission, was seen by a psychiatrist at each site, has had a few
medication changes but generally has not indicated any adverse side
effects from his current medication, has participated "fully in his
treatment modalities," is generally doing well, and has not
displayed the symptoms for diagnosis and treatment of ADD.  Id.,
Exhs. 8-9.

**CLAIMS REGARDING OTHER CONDITIONS**

    **Legal Standards**

Plaintiff's complaints regarding the linens, dishes, and food at the prison are liberally construed as a claim of failure to protect from harm.  Such claims are also judged under the Eighth Amendment standards set out above.  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001); Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998); Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment, Mr. Legler has to establish "deliberate indifference."  As noted, the deliberate indifference standard includes both an objective and subjective component.  Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834; Martinez, 430 F.3d at 1304, *quoting* Farmer, 511 U.S. at 834 (quotation omitted)("The objective component is met if the deprivation is 'sufficiently serious.'"); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)(The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal

civilized measure of life's necessities."); <u>Wilson</u>, 501 U.S. at 298; <u>Shannon</u>, 257 F.3d at 1168.  For example, allegations that an inmate was forced to occupy a feces-encrusted cell has been held sufficiently serious to satisfy the first prong of an Eighth Amendment claim.  Factors bearing on whether a condition of confinement constitutes an Eighth Amendment violation include the length of time a prisoner is in contact with allegedly unconstitutional conditions and the degree of filth with which the prisoner must live.  <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978)(Conditions, such as a filthy cell, may be "tolerable for a few days.")(The length of time a prisoner must endure a questionable condition is "simply one consideration among many."); <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 958 (8th Cir. 1994)(Equally important is "the degree of filth endured.").

     With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. <u>Farmer</u>, 511 U.S. at 834; <u>McBride</u>, 240 F.3d at 1291.  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." <u>Martinez</u>, 430 F.3d at 1304; <u>Farmer</u>, 511 U.S. at 834 (the official must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate.); <u>Wilson</u>, 501 U.S. at 294, 297, 303.  It is not enough to establish that the official should have known of the risk of harm.  <u>Farmer</u>, 511 U.S. at 837-38; <u>Barney</u>, 143 F.3d at 1310.

**Discussion**

In support of his claim regarding linens, Mr. Legler exhibits a grievance he filed complaining of filthy sheets. Id., Exh. 11. Prison staff responded that the sheets distributed have all been washed and "are in fact clean," and "are washed in such a way as to minimize any health risks." Id., Exh. 12. Legler appealed to the Warden, who stated "I have investigated your claims and find all linen exchanged weekly" has been appropriately cleaned, no health or sanitation policies are being violated, and the "Laundry Manager replaces substandard and worn linen as needed." Id., Exh. 13.

The administrative record created during the prison grievance procedure thus indicates weekly exchange of normally-used linens and cleaning in accord with health and sanitation policies. Plaintiff alleges no facts to refute the findings in the record provided by him. He alleges no circumstances suggesting this is not adequate cleaning. The record also provides that linens are inspected for wear and discarded when necessary. Plaintiff's contrary statements are nothing more than conclusory allegations. He does not allege any facts to show the described policies at HCF are inadequate. Cf. e.g. Shannon, 257 F.3d at 1170 (no special laundering treatment employed prior to reissue of inmates' blankets used to mop up raw sewage and reissued blankets often weeping brown liquid). Nor does he allege facts indicating defendants statements in the administrative record are inaccurate.

Plaintiff' complaints regarding food include a description of only one actual incident when spoiled meat was served and one

incident of "nasty lettuce" on a sandwich. The prison
administrative record provided by plaintiff shows the meat was
replaced after inmates complained.[2] Plaintiff's other allegations
of the "ongoing" serving of spoiled food are conclusory. He does
not include dates, or descriptions of incidents including frequency
or duration, or name the defendants personally involved when he
allegedly received spoiled food or insufficient fruits and
vegetables. The administrative record, on the other hand,
indicates prison officials will rectify problems with meals if
called to their attention[3]. Plaintiff does not describe even one
meal where he sought replacements for spoiled foods or additional
fruits and vegetables, but was refused by a named defendant. The
record also indicates the prison menu is "approved by the state

---

[2]
    Mr. Legler exhibits other grievances in which he complained
that the Aramark manager and Warden Bruce were serving spoiled
foods, ran out of food one day, were not providing enough fruits
and vegetables; and deprived inmates of a proper diet. Id., Exhs.
16,17. J. Olson, Assistant Food Service Director at HCF, responded
to both grievances that the menu provided is approved by State
dieticians and contains fruits and vegetables, inmates who complain
about unsatisfactory lettuce or meat on a certain day will receive
a new tray and a report is sent to Aramark, but plaintiff had not
complained to food service staff about wilted lettuce or bad meat.
Olson acknowledged they ran out of food, there was a thirty-minute
delay while they cooked more, inmates then complained the meat was
not seasoned, so the meat was properly seasoned and served. Id.,
Exhs. 18, 19. Legler added his complaint of the use of "nasty
trays and dirty cups" on administrative appeal.

[3]
    Thus, the administrative responses provided by Mr. Legler
indicate defendants have not been deliberately indifferent to the
problem of spoiled food. Their responses show that an inmate may
return food for replacement and Aramark is notified.

dietitians in Topeka," and has included numerous fresh fruits and vegetables.

In any event, plaintiff's general complaints about smelly, stained linen, dirty dishes and inadequate food, at best, suggest negligence rather than a "wanton and obdurate disregard for inmate health and safety." Shannon, 257 F.3d at 1168. The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." Rhodes, 452 U.S. at 347, 349; Barney, 143 F.3d at 1311. Plaintiff also does not allege how any of the challenged conditions have created an "unconstitutionally high exposure to illness or injury." See Barney, 143 F.3d at 1312, FN14. Nor does he cite instances of him or other inmates becoming sick from dinghy bedding or food poisoning. See Grimsley v. MacKay, 93 F.3d 676, 679 (10 Cir. 1996). In fact, he does not allege that he has suffered any physical injury. See 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see also Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 807 (10th Cir. 1999).

In sum, the court finds Mr. Legler has not alleged sufficient facts to establish either a sufficiently serious deprivation by, or deliberate indifference on the part of, any named defendant. Plaintiff will be given time to show cause why this action should not be dismissed for failure to state a cause of

action.  If plaintiff fails to respond within the allotted time, this action may be dismissed without further notice.

**PENDING MOTIONS**

Plaintiff has paid the initial partial filing fee assessed by the court and has submitted several additional payments in accord with 28 U.S.C. 1915(b).  His motion for leave to proceed in forma pauperis (Doc. 2) will be granted.

Plaintiff's Motion for Preliminary Injunction (Doc. 8) is denied because plaintiff has not alleged sufficient facts to entitle him to this extraordinary remedy[4].  His motion for issuance of process (Doc. 9) is denied at this juncture, as it was previously, because the screening process is not complete.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary Injunction (Doc. 8) and his Motion for issuance of process (Doc. 9) are denied.

---

[4]

Plaintiff does not allege facts establishing (1) a substantial likelihood of success on the merits; (2) irreparable injury to him if the preliminary injunction is denied; (3) the threatened injury to him outweighs the injury to defendants; and (4) the injunction is not adverse to the public interest. He also does not show that his right to relief is "clear and unequivocal."  See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003).

**IT IS SO ORDERED**.

Dated this 16th of May, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge